UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARREL TREMAINE CARTER, ET AL** | **:** | **DOCKET NO. 2:13-cv-2992** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **MARK DODGE, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

On November 4, 2013, Darrel Tremaine Carter and Candis Cains ("plaintiffs") filed a complaint in proper person. Doc. 1. The complaint is silent as to subject matter jurisdiction; however, the Civil Cover Sheet attached to the complaint alleges that this court's subject matter jurisdiction is based on diversity of citizenship. Doc. 1, att. 1. Recognizing that the complaint failed to provide a domicile of any named defendant and that one or more of the defendants appeared to be domiciled in the State of Louisiana, the court issued an order [doc. 7] on December 2, 2013, instructing plaintiffs to amend their complaint and allege the domicile of each named defendant. Plaintiffs were given a deadline of December 31, 2013, in order to amend their complaint. *Id.* Absent any amendment the court warned that "a Report and Recommendation w[ould] issue suggesting to the district court that this matter be dismissed without prejudice." *Id.*

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Original jurisdiction over subject matter is mandatory for the maintenance of an action in federal court. *Avitts v. Amoco Production Co.,* 53 F.3d 690, 693 (5th Cir. 1995). Subject matter jurisdiction

may not be waived, and the district court shall dismiss the action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. It is the duty of the district court, at any level of the proceeding, to dismiss plaintiff's action *sua sponte* for failure of federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss. 2 *Moore's Federal Practice,* § 12.30 (Matthew Bender 3d ed.), *Howard v. Lemmons,* 547 F.2d 290, n. 1 (5th Cir. 1977).

Plaintiffs' complaint fails to provide any basis for federal subject matter jurisdiction. Although the cover sheet alleges jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, this is clearly not the case. Here, plaintiffs have filed suit against Mark Dodge; a local automobile dealer, Mark Bonoial; its owner, Randy Dessermeaux; its sales manager, Marsh Buice; an individual whose position is not identified in the complaint, Chrysler Corporation the manufacturer of the vehicle, and T.D. Auto Finance. Although diversity may exist among some of the defendants, the named individual employees are most likely domiciled in the State of Louisiana which would destroy diversity and this court's authority to render judgment.

Because of this court's uncertainty of the domicile of the apparently local defendants it ordered the plaintiffs to amend their complaint and properly allege domicile. Doc. 7. Through this same order, issued December 2, 2013, plaintiffs were given thirty (30) days to comply. Plaintiffs did not amend their complaint. *Id.* Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." Given the nature of the order and the fact that the subject matter of the order pertains to the core of this court's ability to hear and decide this case, we suggest dismissal is in order.

For these reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

-4-

THUS DONE this 2nd day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE